Hall, J.
It is not questioned but that the Legislature had the power to grant the charter which is the basis of the Newbern Bank. The object of this grant was the public good, which while the Legislature had in view on the one hand, the grantees had their individual good in view on the other. To *247 carry into effect, then, the scheme of the Bank, it became necessary for the parties to enter into arrangements for that purpose: Amongst others, they adopted the one complained of, namely the summary mode of proceeding against their debtors. It is objected that this is a violation of the 3d section of the bill of rights, which declares, “That no man or “set of men are entitled to exclusive or separate emoluments “or privileges from the community, but in consideration of “public services.” I think that objection will vanish when we reflect that this privilege is not a gift, but the consideration for it is the public good, to be derived to the citizens at large from the establishment of the Bank. It is not for this Court to say whether the Legislature made a good or a bad bargain; it is sufficient to see that they contracted under legitimate powers, and their contracts under such, we can have no control over. If we, have, we might as well say, we will make such contracts for them. Although it is the duty of this Court, as far as they can, when they believe a law to be unconstitutional, to declare it, yet they will not undertake to do so in doubtful cases. Mutual tolerance and respect for the opinions of others require the exercise of such power only in cases where it is plainly and obviously our duty to interfere.
It is not for this Court to judge of the expediency of the measure, nor to estimate its anticipated or actual benefit or injury to the community. Those are considerations strictly of a legislative nature, and the competent authority has pronounced upon them.